IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HURREON SEAN WALKER,<br><br>　　　　　　　　　Defendant. | Case No. 1:07-cr-00270-1<br><br>Judge Charles R. Norgle |

## ORDER

Defendant's Motion for Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) [187] is GRANTED in part and DENIED in part. Defendant's sentence of imprisonment is reduced to time served as of November 8, 2022, six years prior to Defendant's former release date. Defendant's supervised release is extended by the unserved portion of the original term of imprisonment, under the original conditions of supervised release with an added condition of home confinement. Following this extension, the condition of home confinement will cease, and Defendant will serve the remaining ten years of supervised release under the original terms of the Sentencing Order [99].

## STATEMENT

　　　Defendant Walker was charged in a five-count indictment involving a plot with his co-defendant and two other men to rob a cocaine stash house at gunpoint. United States v. Walker, 673 F.3d 649, 650 (7th Cir. 2012). But the stash house did not exist, and the two other men were actually an undercover agent and a paid informant. Id. The five counts included (i) conspiracy to possess, with intent to distribute, cocaine; (ii) possession of a firearm by a felon; and (iii) unlawful possession of a firearm in relation to a drug trafficking crime. Dkt. 99 at 1. A jury convicted Defendant on all five counts. The Court sentenced Defendant to 25 years' imprisonment, with ten years of supervised release following imprisonment. Id. at 2–3. The Seventh Circuit affirmed. Walker, 673 F.3d at 659. Walker is now 42 years old and resides at the Florence – High USP facility in Colorado. On January 20, 2021, Defendant filed the present motion for a sentence modification. Dkt. 187. He moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), requesting that the Court modify his sentence to time served under the terms of his supervised release plan. In the alternative, Defendant requests that the Court

convert the remaining years of his term of imprisonment to home detention.[1] He argues that his underlying medical conditions of Type 2 diabetes, chronic kidney disease, hypertension, and high cholesterol constitute an extraordinary and compelling reason for a sentence reduction because the condition of his prison and his health place him at an increased risk of morbid health consequences, including COVID-19. For the following reasons, the Court grants the motion in part.

As amended by Section 603(b) of the First Step Act of 2018, Pub. L. 115-391, Title 18, United States Code, Section 3582(c)(1)(A)(i) provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [§ 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)."[2] United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted). "A reduction under § 3582(c)(1)(A)(i) may be based only on 'extraordinary and compelling reasons' and must take into account the sentencing factors set out at 18 U.S.C. § 3553(a)." United States v. Sullivan, No. 20-2647, 2021 WL 3578621, at *3 (7th Cir. 2021). "All the statute requires is a finding of 'extraordinary and compelling reasons' plus consideration of any sentencing factors under 18 U.S.C. § 3553(a) that are pertinent to the prisoner's circumstances." United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021). If an extraordinary and compelling reason justifies release, the question becomes whether release is appropriate given the § 3553(a) factors. United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (as explained in United States v. Thacker, No. 20-2943, 4 F.4th 569 (7th Cir. July 15, 2021), "it is best to proceed in that order, which reflects the statutory structure").

---

[1] The Court interprets this as a request to impose a sentence of time-served with supervised release, including the condition of home confinement. United States v. Dill, No. 21-2045, 2022 WL 1078164, at *1 (7th Cir. Apr. 11, 2022).

[2] Section 3582(c)(1)(A)(ii), which is not at issue in this matter, authorizes compassionate release where the defendant is at least 70 years of age, has served at least 30 years in prison, and other conditions required by the statute are met.

2

As a threshold matter, the government concedes (i) the exhaustion requirement and (ii) that Defendant has an extraordinary and compelling reason for a sentence reduction. According to the government, Defendant's chronic medical conditions are risk factors, as defined by the CDC. These conditions show that Defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(1)(A)(ii)(I).[3] Dkt. 192 at 10, 11. Since these medical conditions substantially diminish the defendant's ability to provide self-care against severe illness, the government states that Defendant has established an extraordinary and compelling reason for consideration of a sentence reduction.[4] The thrust of the government's argument is that the 18 U.S.C. § 3553(a) factors do not warrant release, and thus the Court does not dwell on the medical considerations. Id. at 12.

The government points out that the conduct involved Defendant's crimes was extremely serious, and notes that not only did Defendant commit the crimes, but he also supplied the firearms, repeatedly raised the need for a silencer for them, and planned to murder anyone in the stash house while seeking the assurance of the undercover agent that he would be prepared to do the same. This, according to the government, sets Defendant apart from other inmates. Moreover, Defendant's prior criminal history shows that he poses a high risk of recidivism. The government contends that even though Defendant has served a substantial amount of his sentence, a significant amount—more than six years at the time of this writing—remains to be served. Taken together, the government argues release of Defendant would lessen the seriousness of Defendant's crimes and undermine the purposes of sentencing under § 3553(a): the need to provide just punishment, promote respect for the law, afford deterrence, and protect the safety of the public. Dkt. 192 at 12.

On the other hand, Defendant contends that he was not "set apart" from other inmates as evidenced by his mandatory minimum sentence; the Court found it inappropriate to impose a harsher sentence to avoid unwarranted sentencing disparities among similarly situated defendants. Further, that Walker supplied the firearms in the robbery does not establish that he was ready to murder. Rather, Walker indicated that he believed the individuals in the stash house would give up without a fight. As to his criminal history, the crimes occurred decades ago when Defendant was between 15 and 22 years of age. Now he is 42. Moreover, the Court should consider Defendant's behavior while in prison to grasp the full picture of Defendant's history and characteristics. Defendant has earned his GED, taken and completed several courses, and volunteered for a suicide watch program for at-risk inmates. Notably, Defendant has not been subject to even one disciplinary infraction at his facility, which contradicts the government's contention that he poses a risk of recidivism. As to the length of his sentence, Defendant contends that he has served the majority of it. Defendant also notes that the Court should consider the quality of Defendant's release plan, which the government does not dispute.

---

[3] The cited Guidelines remain instructive as to what constitutes "extraordinary and compelling." United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). (The "substantive aspects of the Sentencing Commission's analysis in [Guideline] §1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons.").

[4] The Court is aware that recent Seventh Circuit cases have held that for most prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason justifying release. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). However, because the government has conceded the point, the Court does not dwell on the issue.

3

Defendant's sister, brother-in-law, niece, and daughter all live in Chicago where they are willing and able to provide him his own bedroom, monitor his diet and exercise, and give him the care he needs. Moreover, Defendant's sister has arranged for Defendant to receive a social security card, birth certificate, and even employment. However, if Defendant cannot obtain employment, his family will financially support him, aware as they are of his medical issues.

The Court credits the government's arguments disfavoring release. The nature of Defendant's crime was serious. The government raises the risk of recidivism, and justifiably desires the Court to provide just punishment, promote respect for the law, afford deterrence, and protect the safety of the public. Further, Walker still has a substantial amount of his sentence to serve—over six years. But these concerns are offset by the fact that the Defendant can be released to home confinement while at the same time promoting the purposes of § 3553(a). Walker is 42 years old, and his medical conditions have made even speaking difficult for him. Moreover, Defendant's conduct while in prison has been exemplary. Among the many other activities available to him, Defendant has volunteered for suicide watch, an activity which contrasts against his convicted crime. To further improve himself, Defendant has earned his GED and built on that knowledge by taking additional courses. Most notably, Defendant has had zero disciplinary infractions while at his facility.

One of the objectives of incarceration is rehabilitation. Defendant has shown the Court that this objective is being accomplished and, taking all of Defendant's progress together, the Court finds that Defendant's risk of recidivism is low. Even though Defendant's crime was serious, he was not "set apart" from other similarly situated defendants, as indicated by his receipt of the mandatory minimum sentence. On balance, after weighing the § 3553(a) factors, the Court believes that the government's concerns can be overcome by Defendant serving his remaining sentence on supervised release, including a condition of home confinement. Other conditions already ordered reduce the potential for risk as well.

Additionally, this Order permits a medically seriously ill man to continue on the journey to rehabilitation with the assistance of a family support group and serves the purposes of the compassionate release law enacted by Congress.

For the foregoing reasons, the motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 11, 2022